Lawler vs. Levy.

---

No. 6812.

HENRY T. LAWLER vs. ALEXANDER LEVY.

Plaintiff discloses no cause of action in a suit for damages on account of a malicious prosecution, when he does not aver the termination of the prosecution.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

*J. O. Nixon, Jr.*, for Plaintiff and Appellant.

*D. C. & L. L. Labatt* for Defendant and Appellee.

The opinion of the Court was delivered by ·

POCHÉ, J. Plaintiff sues for twenty thousand dollars as damages for an alleged malicious prosecution.

He complains that in a suit entitled Alexander Levy vs. Flash, Lewis & Co. and himself, he was charged by defendant with a conspiracy with said Flash, Lewis & Co. in illegally depriving defendant of certain letters and a package of gold and certain drafts, consigned to him by one of his debtors, through a common carrier, owned and controlled by plaintiff.

He has appealed from the judgment of the lower court dismissing his suit·on an exception of no cause of action.

Defendant urges that plaintiff's petition is fatally defective, in failing to aver that the alleged malicious prosecution against him had been terminated; and we think that the District Judge correctly sustained those views.

It has been frequently held by the courts that, in a suit for malicious prosecution, the plaintiff must prove :

1st. That he has been prosecuted by the defendant, either criminally or in a civil suit, and that the prosecution *is at an end*.

2d. That it was instituted maliciously and without probable cause.

3d. That he had thereby sustained damages.   12 A. 333; 15 A. 421; 16 A. 1.

It is elementary that, having failed to allege the termination of the alleged malicious prosecution, he could not be allowed to prove it on trial, and that his petition, therefore, lacked an essential averment, in default of which it disclosed no cause of action.

And, besides, the want of probable cause for the prosecution instituted by Levy, is an issue which must be disposed of in the original suit, upon the final disposition of which the right to claim damages by plaintiff in this suit essentially and exclusively depends.

But plaintiff contends that the District Judge should have allowed him to amend his petition, so as to include the missing averment. It does not appear that he offered to amend, or called upon the judge to exercise his legal discretion in this respect.

Plaintiff next contends that, under the allegation of the publication in the public journals of the City of New Orleans, of the petition filed against him, at the instance of the defendant, he has presented a clear cause of action.

We answer, that if the petition was not characterized by malice, and was based on probable cause, the publication of the same was not malicious, and could give no ground for an action in damages. And, further, that the determination of such act depended upon the final decision of the suit, in anticipation of which no action could be maintained on the ground set forth.

If the suit was justifiable in law, the fact of communicating knowledge thereof to the public, could certainly not be construed as malice on

:222      SUPRÊME COURT OF LOUISIANA,

the part of the plaintiff in the suit; the injury which might result to his opponent being the legitimate consequence of his own acts, and no damages could be claimed of him for publishing a petition and pleadings, justified by the wrongs inflicted on him, under the evidence.

As all the issues under which plaintiff in this case could alone base his right to damages must first be passed upon and adjudicated in the original suit, and as plaintiff fails to inform the Court whether or not, or how these issues have been disposed of, his petition is fatally defective, and defendant's exception was properly maintained.

The judgment of the lower court is, therefore, affirmed with costs.